UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-510-H

ALBERT B. WILLIAMS, JR.  PLAINTIFFS
AND
LIBERTY MUTUAL INSURANCE CO.

V.

TLD AMERICA CORPORATION  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant has asked for a declaration that United Parcel Service ("UPS") is a "settling tortfeasor" for purposes of KRS § 411.182 and, therefore, the Defendant may get an apportionment instruction against UPS if the evidence is sufficient to support one. The Court agrees to the main point: UPS should be treated as a settling tortfeasor without Defendant having to bring a third-party action in this case.

I.

Plaintiff, an employee of UPS, was injured while at work when he fell from a "K loader," which was allegedly provided to UPS by Defendant, while loading an airplane. Plaintiff is currently receiving benefits for disability from UPS under Kentucky's workers' compensation system. Although the final adjudication of his workers' compensation claim has been held in abeyance until Plaintiff reaches maximum medical improvement, there appears no dispute that UPS has agreed to provide worker's compensation benefits. In this action, Plaintiff seeks recovery from Defendant under theories of negligence and strict products liability.

## II.

Defendant seeks a declaration that it may get an apportionment instruction against UPS under KRS § 411.182 regardless of whether UPS is named as a party in this action. That statute provides that the Court shall give an apportionment instruction where the case involves the fault of more than one party to the action, "including third party defendants and persons who have been released under subsection (4)." KRS § 411.182(1). Subsection four includes parties who have been discharged from liability by "[a] release, covenant not to sue, or similar agreement." KRS § 411.182(4). Defendant contends that because UPS has agreed to provide workers' compensation to Plaintiff, UPS is included as a party under subsection four and, therefore, Defendant may receive an apportionment instruction against UPS regardless of whether UPS was ever a party to this action. Plaintiff claims that because the workers' compensation claim has not been finalized, UPS is not one of the parties included in subsection four.

The Kentucky Court of Appeals has held that "KRS 411.182(4) covers the workers' compensation situation; thus *an agreement to operate under the act is a 'similar agreement' within the statute*." *Ingersoll-Rand Co. v. Rice*, 775 S.W.2d 924, 930 (Ky. Ct. App. 1989) (overruled on other grounds by *Continental Marine, Inc. v. Bayliner Marine Corp.*, 929 S.W.2d 206 (Ky. Ct. App. 1996)) (emphasis added). *Ingersoll-Rand* gives no indication that the workers' compensation claim must be fully adjudicated and paid before the employer is included within KRS § 411.182(4). Moreover, the Kentucky Supreme Court has held that "the plaintiff's employer, by providing workers' compensation coverage, occupied the same position as a settling tortfeasor." *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 481 (Ky. 2001). Thus, it is apparent that UPS's agreement to operate under the workers' compensation system

means that UPS is to be treated as a settling tortfeasor for purposes of apportionment.

Finally, in *Parrish* the Kentucky Supreme Court specifically held, "KRS 411.182 does not require as a prerequisite for apportionment that the settling person be joined as a party to the action. In fact, it implies that the settling person will not be named a party to the action." *Id.* at 480. It is clear then that Defendant need not bring UPS into this action to get an apportionment instruction against it. Therefore, nothing bars an apportionment instruction against UPS, assuming the evidence supports it.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that UPS shall be considered a "settling tortfeasor" for purposes of determining whether an apportionment instruction is appropriate and an apportionment instruction regarding UPS will be given if the evidence supports it.

cc:     Counsel of Record